UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARILYN V. HENDERSON,

    Plaintiff,

v.   CAUSE NO. 3:22-CV-837 DRL-MGG

STATE OF INDIANA *et al.*,

    Defendants.

OPINION AND ORDER

    Marilyn Henderson, proceeding *pro se*, sues the State of Indiana and two LaPorte Superior Court employees, Kathy Camby and Heather Stevens. Her federal complaint is a mere copy of her proposed amended complaint in a state cause of action in the LaPorte Superior Court (46D01-2206-CT-816). She filed a motion for an emergency hearing and a motion for leave to amend her complaint and remove her case to federal court. Her amended motion for an emergency hearing in part elucidates her grievances against Ms. Camby and Ms. Stevens stemming from her interactions with them while filing documents in her state case.[1] Ms. Henderson alleges Ms. Camby and Ms. Stevens discriminated against her based on her race while filing her state cause of action in violation of the due process clause of the Fourteenth Amendment and the Civil Rights Act of 1964 [ECF 4]. The court construes her amended motion for an emergency hearing as her federal complaint. She moves to proceed *in forma pauperis* [ECF 2].

    The court must first determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her complaint liberally, *see Erickson v. Pardus*,

---

[1] Her proposed amended complaint is once more the complaint for her state cause of action.

551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Ms. Henderson's complaint must comply with the Federal Rules of Civil Procedure and local rules. Rule 8 requires a "short and plain statement of the claim" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is. *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (citation omitted); *see also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts).

It is at times hard to understand what Ms. Henderson's federal complaint truly concerns. At one point, she says Ms. Camby and Ms. Stevens prevented her from filing her state complaint but later describes the procedural history of that cause of action, which has a status hearing scheduled for November 4, 2022, by her own account. This state court docket contains a complaint and a proposed amended complaint filed by Ms. Henderson.[2] She says they violated her rights by "holding her summons back," but service was issued after the court granted her motion for a fee waiver. She says on one occasion they denied making her copies of files she requested and on another they made the copies double-sided which she did not want, but those aren't matters of constitutional concern. Last, she alleges Ms. Camby and Ms. Stevens didn't inform her of how to receive information about her case. None of these alleged grievances amount to a constitutional deprivation of due process and Ms.

---

[2] The court can take judicial notice of matters of public record, including public court documents. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

Henderson hasn't alleged any facts—outside of pointing to LaPorte County's history of discrimination—making it plausible that Ms. Camby and Ms. Stevens' actions or inaction was based on Ms. Henderson's race.

Ms. Henderson also requests that her state case (46D01-2206-CT-816) be removed to federal court. Ms. Henderson is the plaintiff in the underlying case. The removal statute only authorizes a state-court "defendant or defendants" to remove cases to federal court. *See* 28 U.S.C. § 1446(a); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3730 (Rev. 4th ed. 2022) (plaintiffs cannot remove cases to federal court). Removal is improper here for that reason.

A complaint containing a "short and plain statement" of her claims in this federal action, not her state court action, is necessary to proceed. Fed. R. Civ. P. 8(a)(2). The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. This is "the first step in the action." *Id.*, Advisory Committee Notes, 1937 Adoption. Although *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system. Without a complaint, the court cannot determine the exact causes of action that Ms. Henderson intends to bring against each defendant. She is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly respond. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).

Given that she is proceeding *pro se*, the court will grant Ms. Henderson another opportunity and let her file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). She should provide as many facts as to what has transpired involving Ms. Camby and Ms. Stevens. There must be sufficient facts pleaded to allow the court and the defendant to understand the "gravamen" of her complaint." *See Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996). She is

encouraged to use the court's civil complaint form available online and ensure compliance with the Federal Rules of Civil Procedure and local rules.

Accordingly, the court DENIES her motion for an emergency hearing [ECF 3] and motion to amend her complaint and remove her case to federal court [ECF 4], AFFORDS Ms. Henderson leave to amend her complaint by December 9, 2022, and TAKES UNDER ADVISMENT her motion to proceed *in forma pauperis* [ECF 2]. The court cautions Ms. Henderson that failure to comply with this deadline could result in the dismissal of her case.

SO ORDERED.

November 18, 2022                                  *s/ Damon R. Leichty*
                                                   Judge, United States District Court